**AFFIRM; Opinion Filed February 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00758-CV**

**IN THE INTEREST OF J.L.M., V, H.E.M., AND V.R.M.**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-53475-2018**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Kennedy

This accelerated interlocutory appeal arises in the context of a suit to modify the parent–child relationship between the parties and their children. April S. Miller (Mother) appeals the trial court's order denying her motion to dismiss appellee James L. Miller's (Father) claim for violations of the Texas Wiretap Act. We affirm. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. 47.2(a), 47.4.

### BACKGROUND

Mother and Father were married in 1997 and had three children before a final decree of divorce was entered in 2012.

In 2018, Father filed suit to modify the parent–child relationship, in particular seeking appointment as the person who has the right to designate the primary residence of the children, equal possession of the children, and a decrease in the amount of his support obligations. The following year, Mother and Father agreed to an order appointing a counselor Grace Chen Graham for the children. That same year, Mother and Father agreed to an order modifying their possession rights and support obligations to the children.

In 2022, Father filed a counterpetition seeking further modification of conservatorship, possession, and access to the children, as well as his support obligations, and asserting claims against Mother and the court-appointed counselor Graham for violations of the Texas Wiretap Act. *See* TEX. CIV. PRAC. & REM. CODE § 123.002 (a)(2) (party to sue communication may sue a person who divulges information that he knows was obtained by interception of communication). In his counterpetition, Father alleged one of the children recorded Father without his consent and that the child was not able to give consent to the recording as a minor such that the recording was illegally obtained. *See id.* § 123.001 (2) (defining "interception" to mean acquisition of communication through use of device without consent of party to communication). Father further alleged that child "divulged" the recordings to Graham who then "divulged" the records to Mother who then "divulged" the recordings to her current husband and her attorneys.

Mother and Graham both filed motions to dismiss Father's wiretap claims under the Texas Citizens Participation Act. In her motion, Mother urged that while she did "not plead the content of these recordings, they are believed to contain Plaintiff's outcry to her therapist concerning incidents of psychological and verbal abuse at the hands of Plaintiff."[1] Mother further urged that the statements were made to Graham and then relayed to Mother and to her lawyers "in furtherance of—and as a result of—the instant judicial proceeding." Mother concluded that Father's suit is thus based on or in response to her exercise of her right to petition. The trial court conducted a hearing on both motions to dismiss and ultimately denied both. Mother's appeal followed. Graham's appeal is a companion case and is addressed in a separate opinion. *See Graham v. Miller*, No. 05-22-00766-CV.

## THE TCPA AND STANDARD OF REVIEW

Chapter 27 of the Texas Civil Practice and Remedies Code is an "anti-SLAPP statute," meaning that the legislature enacted it to curb "strategic lawsuits against public participation." *Locke Lord LLP v. Retractable Techs., Inc.*, No. 05-20-00884-CV, 2021 WL 1540652, at *1 (Tex. App.—Dallas Apr. 20, 2021, no pet.) (mem. op.). Its main feature is a motion-to-dismiss procedure that allows defendants at an early stage to seek dismissal, attorney's fees, and sanctions for the filing of a meritless suit in response to a defendant's proper exercise of a protected right. *Id.*

---

[1] We presume that Mother meant to allege that the recordings contained the child's outcry regarding abuse by Father.

A Chapter 27 movant bears the initial burden of showing by a preponderance of the evidence "that the legal action is based on or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association." *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b); *see also Brenner v. Centurion Logistics LLC ex rel. Centurion Pecos Terminal LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at *3 (Tex. App.—Dallas Dec. 14, 2020, pet. denied) (mem. op.) (holding amendments to TCPA do not change burden of "preponderance of the evidence" established by *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017)). If the movant carries his or her initial burden, the nonmovant must then establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." CIV. PRAC. & REM. § 27.005(c). Notwithstanding the nonmovant's proof of a prima facie case, however, the court shall dismiss a legal action against the movant if the movant establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law. *Id.* § 27.005(d).

We review de novo the trial court's determinations that the parties met or failed to meet their respective burdens under section 27.005. *See id.* § 27.005 (b), (c); *see also Brenner*, 2020 WL 7332847, at *3 (holding amendments to TCPA do not change de novo appellate standard of review). In conducting this review, we consider, in the light most favorable to the nonmovant, the pleadings and any supporting and opposing affidavits and other evidence stating the facts on which the claim or defense is based. *See Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-

–4–

CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *see also* CIV. PRAC. & REM. § 27.006(a). However, the plaintiff's pleadings are generally "the best and all-sufficient evidence of the nature of the action." *Hersh*, 526 S.W.3d at 467.

## DISCUSSION

Mother argues Father's claims against her are based on or in response to her exercise of the right to petition. More particularly, she urges the communications that made the basis of Father's claims were made in and pertained to an ongoing suit to modify the parent–child relationship.

Under the TCPA, the exercise of the right to petition includes a communication in or pertaining to a judicial proceeding, in connection with an issue under consideration or review by a judicial body, or that is likely to encourage consideration or review of an issue by a judicial body. *See* CIV. PRAC. & REM. § 27.001(4)(A)(i), (B), (C). This Court has interpreted "a judicial proceeding" to mean "an actual, pending judicial proceeding." *See Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724, 728 (Tex. App.—Dallas 2016, pet. denied).

Here, the trial judge signed an agreed order for counseling appointing Graham on March 21, 2019, and an agreed order in suit to modify parent–child relationship on September 10, 2019. Subsequent to those orders, Father filed a second amended counterclaim in which he asserted the instant wiretap claims against Mother, but that pleading does not indicate when the recordings were made or later divulged.

–5–

Likewise, nothing in or attached to Mother's motion to dismiss establishes when the instant communications were made.[2] At the hearing on the motion, no evidence was offered, only attorney arguments.[3] *See* CIV. PRAC. & REM. § 27.006(a) (defining scope of review as the pleadings, evidence, and supporting and opposing affidavits). Thus, viewing the record in the light most favorable to the nonmovant, we conclude Mother failed to offer any evidence that there was a pending "judicial proceeding" at the time the recordings were made or later divulged. Thus, we conclude these communications were not an exercise of the right to petition as set forth in section 27.001(4)(A) or (B). On these facts, we conclude that the discussions pertaining to children's mental health between the parents and their coordinators were not related to or meant to encourage judicial review. *See* CIV. PRAC. & REM. § 27.001(4)(C). We conclude Mother failed to establish Father's claims were based on or in response to her exercise of the right to petition. Accordingly, we conclude Mother failed to establish the TCPA applied to Father's claims.[4]

---

[2] Nor does any pleading or motion or any evidence establish the content of the recordings beyond Mother's statement in her motion that while she did "not plead the content of these recordings, they are believed to contain [the child's] outcry to her therapist concerning incidents of psychological and verbal abuse at the hands of [Father]." *See, e.g.*, *White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-CV, 2020 WL 5104966, at *8 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.) ("Without pleadings or evidence of Carrington Coleman's alleged 'communications' and their contents, it is difficult to determine that those communications were protected by and subject to the TCPA.").

[3] Even were we to consider the arguments made at the hearing, we would note Graham's attorney stated that "the factual basis for [the tort claims] was in mid-December of 2020 [when] . . . [d]uring one of the therapy sessions one of the children revealed that she had recorded Plaintiff and her stepmother having certain conversations."

[4] Because we conclude Mother failed to establish the TCPA applied to Father's claims, we need not address any argument regarding whether his claims are exempted under Section 27.010(a)(6) of the TCPA,

–6–

We overrule Mother's issue.

**CONCLUSION**

We affirm the trial court's order denying Mother's motion to dismiss pursuant to the TCPA.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

220758F.P05

---

whether he established a prima facie case, or whether Mother established any affirmative defenses as a matter of law. *See* TEX. R. APP. P. 47.1; TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(6) (exempting legal action filed under Title 1, 2, 4, or 5 of the family code or an application for protective order); *see also Temple v. Cortez Law Firm, PLLC*, No. 05-21-00367-CV, 2022 WL 1955755, at *5–6 (Tex. App.—Dallas June 3, 2022, no pet.) (concluding appellate courts may choose to consider movant's step-one burden or nonmovant's exemption first).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.L.M., V, H.E.M., AND V.R.M.,

No. 05-22-00758-CV

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-53475-2018.
Opinion delivered by Justice Kennedy. Justices Partida-Kipness and Nowell participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's order denying Mother's motion to dismiss pursuant to the TCPA.

It is **ORDERED** that appellee James L. Miller recover his costs of this appeal from appellant April S. Miller.

Judgment entered this 13th day of February 2023.